## Spencer Estate v. Erie Insurance Group

*Charles O. Zebley, Jr.,* for plaintiff.
*Stephen P. McCloskey,* for defendant.

FRANKS, *J.* April 11, 1984—This action is in assumpsit as a claim for post-mortem work loss benefits pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §§ 1009.101 et seq., filed on behalf of the Estate of Estella M. Spencer, deceased (hereinafter Spencer), who died on January 18, 1983, as a result of injuries sustained in an automobile accident. Defendant is Erie Insurance Group (hereinafter Erie), the no-fault carrier for the decedent.

Prior to the filing of the instant action, a class action suit was filed in the Court of Common Pleas of Allegheny County at no. G.D. 80-9011, captioned John L. Saunders, Jr., Administrator of the Estate of Carol L. Saunders, Deceased, v. Erie Insurance Group (hereinafter Saunders). This class action was brought to recover post-mortem work loss benefits on behalf of all persons insured by Erie, who died as a result of the maintenance and use of a motor vehicle during the period from February 29, 1979, to the time of the disposition of that class action.

In the case at bar, after the pleadings were closed, Erie filed a motion for stay of proceedings. . . . Erie contends as its reason for the motion for stay of proceedings that the Saunders class action is the proceeding in which the claim of Spencer should be litigated since Spencer is factually a member of the Saunders lawsuit. It is noteworthy that Erie's answer and new matter in the instant case did not refer to the Saunders case. Not until the motion for stay of proceedings was filed was Spencer every apprised of the Saunders class action and that Spencer was considered a member of the class of plaintiffs in that class action.

The narrow issue for this court to address is whether Spencer is properly a member of plaintiff class in the Saunders class action so as to bind Spencer. After careful consideration of the record, arguments of counsel, submitted briefs, and the law, the order of November 7, 1983, refusing Erie's motion for stay of proceedings was proper. This opinion is in support of that ruling.

Pa.R.C.P. 1711(a) provides:

"Except as provided in subdivision (b) or as otherwise provided by the court, in certifying a plaintiff class or subclass the court *shall* state in its order that every member of the class is included unless by

a specific date a member files of record a written election to be excluded from the class." (Emphasis supplied)

The Explanatory Note 1927 to the rule likewise states:

"The general rule will be that every member of the class as defined in the court's order is included unless by a specific date he requests exclusion."

As can be readily seen, the rule establishes that the procedural posture in Pennsylvania in class actions will be one of "opt-out" rather than "opt-in" Pa.R.C.P. 1711(a) makes it abundantly clear that a plaintiff is in the class of plaintiffs specified in a class action unless by a specified date he "opts-out." However, the language of the inclusion-exclusion rule governing class action in Pennsylvania is mandatory in that the court in certifying plaintiff class *must* recite in its certification order by a specified date a plaintiff must file a written election to be excluded from the class or he will be included in it.

A review of the Saunders order of certification by the Honorable Silvestri Silvestri of Allegheny County does not contain any of the mandatory language allowing the "opting-out" of any member of the class of plaintiffs in that case by a specified date. Under the certification order in the Saunders case, Spencer was not afforded the opportunity to file a written election to be excluded from the Saunders class of plaintiffs, if Spencer so desired. In fact, Spencer never received notice reasonably calculated to advise Spencer of the inclusion in the Saunders class action. Actually, no notice was given Spencer.

However, we do understand and acknowledge that Pa.R.C.P. 1711(b) does state that the court may provide otherwise and restrict self-exclusion under certain circumstances, i.e. the court may restrict

"opt-in." Fundamentally, however, whether it be a choice of a plaintiff to "opt-in" or "opt-out," we conclude that procedural due process requires that notice must be given a plaintiff to enable a plaintiff at least the opportunity to appear in the class action jurisdiction to be heard and/or to exercise his choice or defense. Conestoga National Bank of Lancaster v. Patterson, 442 Pa. 289, 275 A.2d 6 (1971). Accordingly, we conclude that procedural due process was violated since Spencer did not receive notification of the Allegheny County class action, or of the order of certification until after the pleadings in the Fayette County case were closed and the case ready for trial.

It is also noteworthy that under Pa.R.C.P. 1712, it is likewise mandatory that the certifying court enter a supplementary order prescribing the type and content of notice reasonably calculated to inform the members of the class that they have been certified as class members. The Explanatory Note 1927 states that Pa.R.C.P. 1712(b) "requires some notice in every type of class action." It should be noted that Spencer had presented a claim and did receive funeral benefits from Erie. Therefore, Erie could or should have been aware of Spencer as a member of plaintiff class in Saunders. Spencer should have been timely notified of the class action in Allegheny County. To have waited until Spencer was ready for trial to stay proceedings would compound an already dilatory situation.

Under the procedural facts of this case, Erie would have this court rule that Spencer is bound by the Allegheny County class action although no opportunity whatsoever was given Spencer to voice his preference in Allegheny County and not having received timely and proper notice. Although, as Erie points out, the right to self-exclusion may be limited

under certain circumstances, 5 Goodrich-Amram 2d §1711:1 (Supp. 1983), some notice reasonably calculated to let one know he is in a class action and the opportunity to be heard must, in basic fairness, be afforded him. We find no authority to substantiate or justify Erie's position. Spencer should not forcibly be made a plaintiff in the Allegheny County class action without having had notice and opportunity to "opt-out."

It is also contended by Erie that to refuse to grant its motion in this case, places this court in a position whereby we would be overruling the decision of another common pleas judge where the other judge had stayed all proceedings with regard to members of the class in the Saunders suit. We do not feel we are infringing upon another judge's order. This court is only holding that for the reasons stated, Spencer is not properly a member of the Saunders class of plaintiffs, and because procedural due process safeguards were not afforded Spencer, the orders in Saunders do not apply to Spencer. The Spencer case should proceed in Fayette County unbridled of the Allegheny County class action.

## ORDER OF COURT

And now, this November 7, 1983, upon consideration of the foregoing motion for stay of proceedings on behalf of defendant, it is hereby ordered and decreed that the motion is refused.